Gina M. Ratto (SBN 131217)
General Counsel
Lee K. Fink (SBN 216293)
Joseph W. Fletcher (SBN 96813)
ORANGE COUNTY EMPLOYEES
RETIREMENT SYSTEM
2223 East Wellington Avenue, Suite 100
Santa Ana, CA 92701
Telephone:   (714) 569-4888
Facsimile:   (714) 569-4883
E-Mail:      lfink@ocers.org

*Attorneys for Defendants Orange County Employees Retirement System, Steve Delaney, Cynthia Hockless, Suzanne Jenike, and Megan Cortez*

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GROSS,<br><br>  Plaintiff,<br><br>vs.<br><br>ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM (OCERS), a public agency; COUNTY OF ORANGE, a governmental entity; STEVE DELANEY, an individual; CYNTHIA HOCKLESS, an individual; SUSAN JENIKE, an individual; MEGAN CORTEZ, an individual; and Does 1 through 20 inclusive,<br><br>  Defendant. | Case No.: 8:17−cv−02020−JVS−DFM<br><br>**STIPULATION AND ORDER RE: SCREENING OF ATTORNEYS, REMAND TO STATE COURT AND LEAVE TO AMEND**<br><br>28 U.S.C. § 1441(a)<br>(FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION) |

This Stipulation and Agreement ("Stipulation") is entered into between and amongst the parties in the matter of *Jeffrey Gross v. Orange County Employees Retirement System ("OCERS"), et al.*, in the United States District Court for the Central District of California, Case No. 8:17-cv-02020−JVS (DFMx), removed from the Orange County Superior Court ("Superior Court"), Case No. 30-2017-00944959-CU-WT-CJC (collectively, this "Matter").

**RECITALS**

1. Plaintiff Jeffrey Gross ("Plaintiff") filed the Complaint in this Matter in the Superior Court on September 20, 2107.

2. Defendant OCERS, and Defendants Steve Delaney, Suzanne Jenike, Cynthia Hockless, and Megan Cortez (collectively, the "Individual Defendants"), filed a Notice of Removal to the United States District Court for the Central District of California on November 17, 2017. Defendant County of Orange filed a Joinder in the Notice of Removal on November 20, 2017.

3. A dispute has arisen between Plaintiff and OCERS with respect to whether OCERS' in-house attorneys have a potential conflict of interest in the Matter; and Plaintiff has contemplated filing a motion to disqualify counsel for Defendants. Plaintiff has also contemplated filing a motion to remand this matter to the state court, and OCERS and the Individual Defendants have contemplated filing a motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

4. On November 28, the parties held an extensive conference of the parties under Local Civil Rule 7-3 to discuss these three contemplated motions;

5. The parties wish to resolve these disputes by entering into this Stipulation as set forth below.

**NOW, THEREFORE THE PARTIES STIPULATE AS FOLLOWS:**

1. Plaintiff will not seek to disqualify the in-house attorneys in the Legal Department of OCERS in this Matter;

2. Plaintiff waives any and all actual or potential conflicts of interest with respect to the in-house attorneys in the Legal Department of OCERS based on the facts alleged in or related to this Matter;

3. Plaintiff agrees not to bring any claims against OCERS attorney Dawn Matsuo (Matsuo) that relate to the allegations in this Matter;

- 2 -

4. OCERS agrees that it will "screen" Matsuo from any involvement in the legal representation of OCERS in this Matter. Subject to the provisions of Paragraph 5, below, this screening shall include the following:

    a. Matsuo will not appear in her capacity as an OCERS attorney on behalf of OCERS in this Matter before any court, in any deposition, at any settlement conference, or any other similar proceeding or occasion;

    b. Matsuo will not perform any legal or factual research related to this Matter, nor prepare any document (including pleadings, motions, or correspondence) in this Matter;

    c. No member of the OCERS Legal Department, and no attorney on behalf of OCERS, shall, directly or indirectly, discuss the legal strategy, legal theories, legal claims, or legal issues of this Matter with Matsuo;

    d. Matsuo will not provide legal advice to OCERS related to this Matter, including to the other members of the OCERS Legal Department, to the management of OCERS, or the OCERS Board of Retirement, and Matsuo shall not be included in any closed session of the OCERS Board of Retirement (or any committee thereof) for the purposes of offering legal counsel in this Matter pursuant to the Brown Act, Cal. Gov't Code § 54956.9.

5. The parties contemplate that Matsuo may be a percipient witness in this Matter. Consistent with OCERS' policies and practices, as an employee of OCERS, Matsuo may be required to cooperate with OCERS' investigation of the facts of this Matter and to produce material for discovery. Additionally, Matsuo may be called to testify at a deposition, trial, or other hearing in this Matter. Notwithstanding the screening procedures set forth in paragraph 4, attorneys in the OCERS Legal Department may interview Matsuo to obtain the facts of this

STIPULATION AND [PROPOSED] ORDER RE: SCREENING, REMAND, AND LEAVE TO AMEND

Matter, require that she provide records responsive to discovery requests in this Matter, and otherwise provide information to attorneys in the OCERS Legal Department in the fashion that any employee of OCERS would be required to do in the normal course of business. Additionally, if Matsuo is called to testify in this Matter, OCERS may offer to represent her for the purposes of the litigation, either through in-house counsel or the OCERS Legal Department.

6. Matsuo will have the right to retain separate counsel in this Matter, including in any interview with OCERS attorneys and during any deposition or other testimony that she may give.

7. OCERS agrees that it will not take any adverse employment action with respect to Matsuo as a result of any interview, testimony, or information that she provides related to this Matter.

8. OCERS shall notify Matsuo of this Stipulation and her rights under it. Matsuo shall have no obligations arising under this Stipulation but shall be an intended third party beneficiary of this Stipulation.

9. Nothing in this Stipulation affects the attorney-client relationship and privilege that exists between OCERS and its attorneys, or between Matsuo and the OCERS attorneys if she chooses to accept any offer for OCERS to represent her.

10. Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff agrees to dismiss WITH PREJUDICE the Fourth Cause Of Action (Violation of First Amendment Rights of Protected Free Speech—Retaliation), the Fifth Cause of Action (Violation of Fifth Amendment Rights), and the Individual Defendants from any claim that relates to the allegations in this Matter;

11. The parties agree that the Matter shall be remanded to the Superior Court.

12. Plaintiff shall have leave to amend the Complaint, following remand to the Superior Court.

13. Plaintiff shall file his Amended Complaint in the Superior Court not later than January 31, 2018. Defendants shall respond to the Amended Complaint consistent with the California Rules of Court and the Code of Civil Procedure.

Dated: December 12, 2017

/s/
Joel Baruch
Attorney for Plaintiff Jeffrey Gross

Dated: December 12, 2017

/s/
Lee K. Fink
Attorney for Defendants Orange County Employees Retirement System (OCERS); Steve Delaney; Suzanne Jenike; Cynthia Hockless; Megan Cortez

Dated: December 12, 2017

/s/
Scott Martin
Attorney for Defendant County of Orange

**IT IS SO ORDERED.**

Dated: December 12, 2017

James V. Selna
United States District Judge

**Attestation for Electronic Filing**

All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 12, 2017

                                             /s/
                                   Lee K. Fink
                                   Attorney for Defendants Orange County Employees Retirement System (OCERS); Steve Delaney; Suzanne Jenike; Cynthia Hockless; Megan Cortez